Sleght v. Kane.

*SLEGHT, Administratrix of SLEGHT, *against* [*236]
KANE.

Where a person was convicted by the act of forfeiture and attainder, passed
the 22d October, 1779, of adhering to the enemies of the state and all his
property, real and personal, declared to be forfeited, it was held, that he could
not, after his return to the state, in 1791, maintain an action for rent which
had accrued prior to the 20th October, 1799.

Nor could he set off the rent against the demand of the plaintiff, in an action
against him.

THIS was an action of *assumpsit*, on a promissory note,
made by the defendant, to the intestate, dated the 17th De-
cember, 1777, for 100 pounds, payable on demand.

The defendant pleaded, 1. *Non assumpsit;* 2. *Non assumpsit infra sex annos ;* 3. Payment, with notice of a set-off against the plaintiff, for rent due to the defendant, on the 20th October, 1779, from the intestate, for the use and occupation of a house and farm, belonging to the defendant in Fishkill, from the 17th December, 1777, to the 20th October, 1779.

There was a replication to the second plea, and a rejoinder, to which the plaintiff demurred. The cause was tried on the first and third issues, at the New York circuit, in December, 1800, before Mr. Justice Lewis, when a verdict was found subject to the opinion of the court, on the following case, with liberty to either party to turn it into a special verdict.

On the 17th December, 1777, the intestate sold and conveyed to the defendant in fee, a farm, consisting of 59 acres, with the dwelling house, &c. in the town of Fishkill, for 2400 pounds, and the note in question was given in part of the consideration money. At the time of the sale it was agreed, that the intestate should retain the possession of the farm, during the war then existing between Great Britain and the United States, at a reasonable rent, to be paid by the intestate to the defendant.

The defendant was a British subject, and resided, long before and after the declaration of independence, in the county of Duchess, but left his abode on the 1st August, 1777, and removed to the city of New York, then in the pos- [*237] session of the British forces, where he *remained with the British until the evacuation of the city, the 25th November, 1783, when he removed with the British army, and did not return to the United States, until the 1st September, 1793. The present suit was commenced against him the 2d August, 1794. The plaintiff had remained in possession of the house and farm from the 17th December, 1777, to the 20th October, 1779, without paying any rent. On the 22d October, 1779, an act was passed by the legislature of the state, " for the forfeiture and sale of the estates of persons who have adhered to the enemies of the state," &c.

by which the defendant was, by name, *ipso facto*, convicted
and attainted of the offence of voluntarily adhering to the
enemies of the state, &c. and all and singular his estate,
real and personal, was, on the day of passing the act,
declared to be forfeited to, and vested in, the people of the
state of New York.

The question was, whether the rent claimed by the defen-
dant could be set off against the plaintiff's demand? If the
court should be of opinion, that the set-off was legal, then
there was to be a judgment for the defendant for forty-four
dollars and ninety-three cents, otherwise, a judgment for the
plaintiff for two hundred and twenty-one dollars and sixty
cents, according to the verdict.

*Troup*, for the plaintiff.

*Riggs*, contra.

*Per Curiam.* Although the note in question was given
for the consideration money of the farm, the plaintiff's re-
taining possession of the farm, or hiring it, was not made a
condition of the purchase. They were not parts of one con-
tract, and dependent on each other, and are, therefore, to be
considered as distinct transactions.

*Choses in action* may be, and were expressly [*238]
confiscated by the act now in question. The plain-
tiff's title to the rent was, therefore, transferred, by the for-
feiture of his real and personal property, to the people. His
right to the estate itself, from which the rent was to accrue,
was forfeited, and became vested in the people of this state.
The consideration for the rent, therefore, failed, and he can
neither sustain an action for it, nor set it off in the present
suit.

The treaty of peace does not affect this case. As to the
previous forfeitures and confiscation, it is only recommenda-
tory, and by implication, confirms their validity, if not re-
scinded, in pursuance of that recommendation. It would be
sufficient if the treaty were silent; for all acts of the bellige-
rent parties not affected by it, and as they existed at the time
of concluding the treaty, were, of course, recognized as just
and lawful, and remained in the same state. This rule ap-

pears to be adopted in the construction of all treaties. (Vattel, b. 4, c. 2, s. 21.)

The, plaintiff is, therefore, entitled to recover.

KENT, J. having formerly been counsel in the cause, gave no opinion.

LEWIS, J. absent.

Judgment for the plaintiff.